**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID WESLEY BIRRELL, AKA Bella-Christina Birrell, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KEITH HARLAN KNAUF; et al., <br><br> Defendants - Appellees. | No. 14-15582 <br><br> D.C. No. 2:10-cv-01707-GEB-CMK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 10, 2015**

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

California state prisoner David Wesley Birrell, aka Bella-Christina Birrell,

appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983

action alleging federal and state law claims in connection with the denial of her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for a volunteer position in a prison pastoral care services program. We have jurisdiction under 28 U.S.C. §1291. We review de novo, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on Birrell's First Amendment retaliation claim because she failed to raise a genuine dispute of material fact as to whether defendants took an adverse action against her that was connected to any protected conduct. *See Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (elements of a retaliation claim).

The district court properly granted summary judgment on Birrell's conspiracy claim under 42 U.S.C. § 1985 because she failed to raise a genuine dispute of material fact as to whether defendants conspired against her in a manner resulting in the deprivation of a right or privilege. *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (elements of a § 1985 claim).

The district court properly granted summary judgment on Birrell's due process claim because she failed to raise a genuine dispute of material fact as to whether defendants' actions implicated a protected liberty interest. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (the due process clause does not create a property or liberty interest in prison employment); *Burnsworth v. Gunderson*, 179 F.3d 771, 774 n.3 (9th Cir. 1999) (explaining that "the possibility of denial of

parole at some later date does not amount to the denial of a liberty interest").

The district court properly granted summary judgment on Birrell's equal protection claim because she failed to raise a genuine dispute of material fact as to whether defendants acted with discriminatory intent. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (to establish an equal protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class" (citation and internal quotation marks omitted)).

We reject Birrell's contentions that the district court denied her the opportunity to conduct adequate discovery or abused its discretion in denying her motion for issuance of a subpoena. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review for discovery rulings).

We also reject Birrell's contentions regarding defendants' alleged misconduct in describing the October 20, 2008 memorandum.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Birrell's motion to reinstate the appeal, filed on May 9, 2014, is denied as unnecessary.

**AFFIRMED.**

14-15582